**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| **GREGORY A. CHAPMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-6128-CV-W-HFS** |
| | ) | |
| **HY-VEE, INCORPORATED** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION AND NOTIFICATION OF PUTATIVE CLASS MEMBERS
PURSUANT TO 29 U.S.C. 216(b)</u>**

Plaintiff Gregory A. Chapman, on behalf of himself and all others similarly situated, moves the Court for its order granting conditional certification of a class of employees consisting of all Assistant Managers, including Assistant Managers of General Merchandise, Perishables and Store Operations, who were classified as exempt and who worked in Defendant Hy-Vee, Inc.'s stores nationwide since November 5, 2007, appointing Gregory A. Chapman as class representative, appointing Bruce C. Jackson, Jr., Paul E. Torlina and Ryan T. Dryer of Arnold, Newbold, Winter & Jackson, P.C. as class counsel, and approving the Notice to Class Members and Consent to Join Form attached hereto as Exhibit 1. Plaintiff also requests that the Court order Defendant Hy-Vee to produce the names, last known addresses, telephone numbers, dates of employment and location of employment of all proposed class members in excel spreadsheet format, for the purpose of sending notice.

Plaintiff Gregory A. Chapman is a former employee of Defendant Hy-Vee, Inc. (hereinafter "Hy-Vee"). Plaintiff brings this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. Section 201 *et seq*. to recover unpaid overtime compensation and other damages. Plaintiff Chapman alleges that Hy-Vee violated the FLSA by classifying Plaintiff and other similarly situated Assistant Managers, including Assistant Managers of General Merchandise, Perishables and Store Operations, as exempt employees and failing to

pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week, when in fact Plaintiff should have been classified as non-exempt and paid such overtime compensation. Plaintiff and similarly situated Assistant Managers were regularly required to work more than forty (40) hours per week and were not compensated for overtime compensation for hours worked over forty (40) per week. Defendant Hy-Vee had a policy and practice of classifying Assistant Managers, including Assistant Managers of General Merchandise, Perishables and Store Operations, as salaried exempt employees, when such employees' job duties involved little if any managerial responsibility and instead consisted of such job duties as running cash registers, stocking shelves, sweeping, cleaning, selling merchandise, counting inventory, pulling or rotating stock on shelves and assisting customers. Plaintiff moves for conditional certification of the following class: All Assistant Managers, including Assistant Managers of General Merchandise, Perishables and Store Operations, who were classified as exempt and who worked in Defendant's stores nationwide from November 5, 2007 to present.

For the reasons set forth hereafter, Plaintiff's motion for conditional class certification and notice pursuant to 29 U.S.C. Section 216(b) should be granted. All allegations and facts necessary for conditional certification under the FLSA are established. This case is the type of action which Congress intended the FLSA conditional certification procedure to apply to, to wit: numerous similarly-situated employees acting on a collective basis to recover compensation to which they are entitled under the FLSA. ***Brennan v. Qwest Communications International, Inc.,*** 2009 WL 1586721, *6 (D.Minn. Jun. 4, 2009).

## II.    STATEMENT OF FACTS

Defendant Hy-Vee, Incorporated (hereinafter "Hy-Vee") is a corporation conducting business in the State of Missouri. Defendant Hy-Vee operates approximately 230 store locations throughout 8 upper Midwestern states, including Missouri. Defendant Hy-Vee has more than 56,000 employees company wide. With sales of more than $6.4 billion, Hy-Vee

{00153382;M10-197;DKM }                                      2

ranks among the top 30 supermarkets chains in the United States. (Paragraph 1 of Plaintiff's Complaint, admitted in Defendant's Answer.)

Plaintiff Gregory Chapman was employed by Defendant Hy-Vee for over 24 years. During that time Plaintiff worked at ten different stores in a variety of jobs and held a variety of job titles. (Deposition of Gregory Chapman, attached hereto as "Exhibit 2" at page 94, Lines 22-24)  From January 2000 through January 26, 2009, Plaintiff was the Store Director of Defendants store in Maryville, Missouri.  (Exhibit 2, p. 81, L. 14-24)  On January 26, 2009 Plaintiff was stepped down from his Store Director position and was transferred to Defendant's store in St. Joseph, Missouri.  When Plaintiff first went to work at Defendant's St. Joseph, Missouri store, he was paid a salary and was given the job title of General Merchandise Clerk. (Exhibit 2, p. 81, L. 21-24)  As a General Merchandise Clerk Plaintiff's job duties included running cash registers, stocking shelves, sweeping, cleaning, selling merchandise, counting inventory, pulling or rotating stock on shelves and assisting customers.  (Exhibit 2, p. 150, L. 10-19)  As a General Merchandise Clerk, Plaintiff was scheduled to work forty (40) hours per week. In March, 2009, Plaintiff's job title was changed from General Merchandise Clerk to Assistant Manager of General Merchandise.  (Ex. 2, p. 82, L. 1-3)  Although Plaintiff's job title changed, his job duties did not.  (Ex. 2, p. 150, L. 10-19)  When Plaintiff's job title was changed to Assistant Manager of General Merchandise, his schedule was also changed so that Plaintiff was scheduled to work forty-five (45) hours per week. (Schedule produced by Defendant, attached as Exhibit 3).

As an Assistant Manager of General Merchandise, Plaintiff Chapman was classified by Defendant Hy-Vee as salaried exempt.  While an Assistant Manager of General Merchandise Plaintiff's primary job duties involved running cash registers, stocking shelves, sweeping, cleaning, selling merchandise, counting inventory, pulling or rotating stock on shelves and assisting customers.  (Ex. 2, p. 150, L. 10-19)  Plaintiff Chapman did not supervise any employees, nor was he involved in hiring employees, disciplining employees, or recommending

or approving any salary adjustments or employee transfers. (Ex. 2, p. 212, L. 20-25; p. 213, L. 1-15)  Based upon Plaintiff's experience of working at ten different stores over the course of his Hy-Vee career and his knowledge of the job duties of Assistant Managers at each store, as well as his tenure as a Store Director from 2000 through 2009, it is Plaintiff's belief that Assistant Managers at stores across Hy-Vee had the same general job duties.  (Ex. 2, p. 94, L. 4-20)

Defendant Hy-Vee, Inc. maintains a policy of only paying overtime compensation to hourly employees and fails to pay overtime compensation to salaried employees who have been misclassified as exempt employees.  Hy-Vee's Employee Handbook (Excerpt attached as Exhibit 4) provides only for overtime compensation for hourly employees and states at page 9: "Hourly employees who work more than 40 hours per week will be paid time-and-a-half for the hours worked over 40."  In approximately 2002 or 2003, then Hy-Vee CEO Ron Pearson during a managers meeting suggested changing Assistant Managers from hourly to salaried in an effort to retain said Assistant Managers in their employment.  (Ex. 2, p. 35, L. 5-23)   Up until that point in time, most Assistant Managers were paid on an hourly basis.  (Ex. 2, p. 36, L. 2-6) Plaintiff alleges that Defendant Hy-Vee has a practice of misclassifying Assistant Managers, including Assistant Managers of General Merchandise, Perishables and Store Operations, as exempt and failing to pay overtime compensation to such Assistant Managers for hours worked over forty (40) in any work week.

### III.    ARGUMENT

Certification and notice are appropriate in the present case because all Assistant Managers, including Assistant Managers of General Merchandise, Perishables and Store Operations, are similarly situated in that they performed essentially the same duties at each store and were treated uniformly by Hy-Vee which had a company-wide policy and practice of classifying such employees as exempt and failing to pay proper overtime compensation.  The single most predominant issue in the present case is whether Hy-Vee violated the FLSA by failing to pay overtime to salaried Assistant Managers, including Assistant Managers of General

Merchandise, Perishables and Store Operations, in its employ despite said employees routinely working in excess of forty (40) hours per week.

### A. Conditional Certification and Court Supervised Notice Are Appropriate.

The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. 29 U.S.C. Section 201 et. seq. Sections 206 and 207 of the FLSA generally require that employers pay employees certain minimum hourly wage rates for hours worked up to forty (40) per week and pay overtime compensation at a rate of one and one-half times the regular rate for hours worked in excess of forty (40) hours in one week. Id. at Section 206 and 207(a)(1). 29 U.S.C. Section 216 provides that an action under the FLSA to recover unpaid overtime may be maintained by an employee for himself and on behalf of "other employees similarly situated." Such an action is known as a "collective action." **Kautsch v. Premier Communications**, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007). Under Section 216(b), a person is not a member of the class until that person files a consent to be part of the action. **Hoffman-LaRoche, Inc. v. Sperling**, 493 U.S. 165, 168-69 (1989). As part of the opt-in process, district courts are authorized to approve notice to similarly situated prospective class members of the opportunity to opt-in to the action, thereby providing an efficient and uniform means to process the claims presented in the complaint. Court authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. **Hoffman**, supra at p. 171-72.

The Eighth Circuit has not adopted a particular standard for evaluating requests for conditional certification in FLSA cases, but a majority of the courts in the circuit have used the analysis adopted by the Fifth Circuit. **Dernovish v. AT&T Operations, Inc**., 2010 WL 143692 (W.D. Mo. Jan. 12, 2010). This Court has adopted a two-step approach to determining whether conditional certification of a collective action under the FLSA is appropriate. **Davis v. Novastar**

*Mortgage*, 408 F.Supp.2d 811, 815 (W.D.Mo. 2005).  In the first step of the two-step conditional certification process, the plaintiff moves for class certification for notice purposes.  ***Davis v. Novastar Mortgage***, supra at p. 815.  At the second step of the process, usually after discovery has been completed, the defendant may move to decertify the class, at which time the court must determine whether the plaintiffs are actually similarly situated.  ***Kautsch v. Premier Communications***, 504 F.Supp.2d 685, 689 (W.D.Mo. 2007).

The burden for obtaining conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  ***Davis,*** supra at p. 815.  Courts should apply a lenient evaluation standard, typically resulting in conditional certification of the representative class.  ***Kautsch***, supra at p. 690.  As noted by Judge Smith in ***Dernovish***, supra, "Because the decision at this stage (the first stage) is made with limited information and is conditional in nature, the plaintiff's burden is not onerous.  There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances."

In another Order granting conditional certification, Judge Kays noted that "Substantial allegations' of a policy that make the class members similarly situated are sufficient to allow for conditional certification."  ***Mahmood v. Grantham University, Inc.***, 2011 WL 1899783 (W.D.Mo. May 19, 2011), citing ***Robertson v. LTS Mgmt. Serv.,*** 642 F.Supp.2d 922, 925 (W.D.Mo. 2008).  The "initial determination is not demanding and will generally result in conditional certification of a representative class, to whom notice is sent and who receive an opportunity to 'opt-in*."  Mooney v. ARAMCO Services Co*., 54 F.3d 1207, 1214 (5th Cir. 1995). In addition to this Court, other district courts throughout the Eighth Circuit have employed the two-step analysis described by the Fifth Circuit in ***Mooney***.  See, e.g. ***Kalish v. High Tech Institute, Inc***., 2005 WL 1073645 (D.Minn. 2005); ***Dietrich v***. ***Liberty Square, LLC***, 230 F.R.D.

574 (N.D.Iowa, 2005); ***McQuay v. American International Group, Inc***., 2002 WL 31475212 (E.D.Ark. 2002).

In the present case conditional certification should be granted because Plaintiff's testimony establishes a common plan or policy of paying Assistant Managers, including Assistant Managers of General Merchandise, Perishables, and Store Operations, on a salary basis and treating them as exempt. As noted in Plaintiff's testimony, although Hy-Vee may maintain detailed job descriptions for its assistant managers, those job descriptions were not followed in the case of Plaintiff's position of Assistant Manager of General Merchandise at the St. Joseph, Missouri store. Plaintiff was a 24 year employee of Hy-Vee and a former Store Director. Plaintiff testified that to his knowledge the assistant manager positions including the Assistant Manager of General Merchandise positions were handled in a uniform manner throughout Hy-Vee. Plaintiff's proposed class seeks to include those Assistant Managers who were improperly classified as exempt when the actual duties performed by the employees did not qualify those employees for exempt status.

Class members must only be similarly situated, not identically situated. ***Hyman v. First Union Corp***., 982 F.Supp. 1, 7 (D.D.C. 1997. A court should conditionally certify a class when the plaintiff has established a colorable claim or basis for his or her claim that a class of similarly situated plaintiffs exists. ***Kalish v. High Tech Institute, Inc.,*** 2005 WL 1073645 (D.Minn. Apr. 22, 2005). *See also*, ***Frank v. Gold'n Plump Poultry, Inc***., 2005 WL 2240336 (D.Minn. Sept. 14, 2005) (conditional certification of class granted despite fact that employees worked in different locations under different supervisors and were paid using different time recording methodologies.)

Based upon the foregoing, Plaintiff respectfully submits that the requisite showing has been made to establish that conditional certification of the proposed class herein is appropriate.

<u>**B. The Proposed Notice and Consent Form Should Be Approved.**</u>

Plaintiff has attached to his Memorandum as Exhibit 1 a proposed Notice to Class Members and Consent to Join Action. The proposed Notice is accurate and should be approved by the Court. Such notice is appropriate to notify all potential class members of the pendency of this action and to provide such potential class members with the opportunity to opt-in. The Notice should be sent to all employees who worked as Assistant Managers, including Assistant Managers of General Merchandise, Perishables, and Store Operations, and were classified as exempt at any time from November 5, 2007 to present. Additionally, a copy of such Notice should be posted at each of defendant's stores. The time period specified in the notice is designed to ensure that the notice is sent only to those persons whose claims under the FLSA are not time-barred.

District courts are encouraged to become involved in the notice process at an early stage to insure timely, accurate and informative notice and to help maintain control of the litigation. ***Hoffman-La Roche***, 493 U.S. at 171-72. The instant case is appropriate for court-approved and court-supervised notice. The proposed Notice will advise similarly situated employees and former employees of Defendant of their rights and enable them to join this lawsuit, thereby preserving their claims. Additionally, it will allow employees with prohibitively small claims to enforce their rights under the FLSA. Because common issues of fact and law exist among Plaintiff and other Assistant Managers, resolution of all claims collectively will avoid a proliferation of individual lawsuits that could result in conflicting rulings. See, ***Hoffman-La Roche***, at 172.

<u>**C. Discovery of Names and Last Known Contact Information of Putative Class Members is Necessary to Carry Out Notice.**</u>

In order to effectuate the giving of Notice to the putative class members, the Court should, in addition to certifying the proposed class, Order Defendant to provide Plaintiff with a list of all putative class members and their last known contact information. This identifying

information is necessary to allow Plaintiff to provide the putative class members with Notice of this action as contemplated by the FLSA. See, **Hoffman-La Roche** at page 170. (affirming the district court order permitting discovery of the names and addresses of potential class members.) The production of a list of names and contact information of potential class members is routinely ordered in FLSA collective actions*. Hoffman-La Roche* at page 165. *See also*, **Perez-Benites v. Candy Brand, LLC**, 2008 WL 4809105, *4 (W.D.Ark. Oct. 31, 2008) (defendants ordered to provide all names, addresses, telephone numbers, social security numbers, birthdates, and passport numbers of the potential opt-in plaintiffs for notice purposes.); **Burch v. Qwest Communications Intern., Inc**., 500 F.Supp.2d 1181, 1191 (D.Minn. 2007) (defendants ordered to provide Plaintiff with list of all employees with name, address, telephone number, dates of employment, location of employment, last four digits of social security number and date of birth in electronic and importable format).

In the event the Court grants Plaintiff's Motion for Conditional Certification, Plaintiff respectfully requests the Court to order Defendant to provide Plaintiff's counsel with a list of all putative class members, including for each his or her name, last known address, telephone number, dates of employment, location of employment.

WHEREFORE, Plaintiff Gregory A. Chapman respectfully prays that the Court issue its order for the following:

a.  Certifying a class consisting of all Assistant Managers, including Assistant Managers of General Merchandise, Perishables and Store Operations, employed at Hy-Vee, Inc. stores nationwide and classified as exempt. at anytime from November 5, 2007 through the present;

b.  Appointing Gregory A. Chapman as class representative;

c.  Appointing Bruce C. Jackson, Jr., Paul E. Torlina and Ryan T. Dryer of Arnold, Newbold, Winter & Jackson, P.C. as class counsel;

d.  Approving the Notice to Class Members and Consent to Join form attached as

Exhibit 1 to Plaintiff's Memorandum in Support of Motion for Conditional Class Certification and Notice;

e.    Ordering Defendant Hy-Vee, Inc. to produce the names, last known addresses, telephone numbers, dates of employment and location of employment of all proposed class members in excel spreadsheet format;

f.    Granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

By:  /s/ Bruce C. Jackson, Jr.
        Bruce C. Jackson, Jr.     MO #32113
        Paul E. Torlina        MO #52789
        Ryan T. Dryer        MO #59893
        1125 Grand Boulevard, Suite 1600
        Kansas City, Missouri 64106
        (816) 421-5788
        FAX (816) 471-5574
        E-mail:      bcjackson@anwjj.com
                   petorlina@anwjj.com
                   rtdryer@anwjj.com

Attorneys for Plaintiff Gregory A. Chapman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of August, 2011, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which then sent electronic notification of such filing to the following:  Ms. Jeannie M. DeVeney, Littler Mendelson, 1201 Walnut, Suite 1450, Kansas City, Missouri, 64106, counsel for Defendant Hy-Vee, Inc.

/s/ Bruce C. Jackson, Jr.
Attorney for Plaintiff Gregory A. Chapman