IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY A. CHAPMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-6128-W-HFS |
| | ) | |
| HY-VEE, INCORPORATED | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is plaintiff's motion, on behalf of himself and all others similarly situated, for conditional certification, pursuant to the Fair Labor Standards Act "FLSA," 29 U.S.C. § 216(b). Specifically, plaintiff claims that the class consists of all Assistant Managers, including Assistant Managers of General Merchandise, Perishables and Store Operations, who were classified as exempt and worked for defendant Hy Vee's stores nationwide since November 5, 2007.

In Count I, plaintiff alleges failure to pay minimum wages and overtime compensation for hours worked at Hy Vee's store at Maryville, Missouri; in Count II, plaintiff alleges unpaid overtime compensation for hours worked as Asst. Mgr. at Hy Vee's store at St. Joseph, Missouri; in Count III, plaintiff alleges breach of contract; and in Count IV, plaintiff alleges unpaid minimum wages for hours worked at Hy Vee's store at St. Joseph, Missouri. The claims asserted in Counts I and II allege violations of FLSA.

Factual and Procedural Background

Hy Vee is a corporation that operates approximately 230 stores in the midwest, employs approximately 56,000 employees, and has sales of more than $6.4 billion dollars. Plaintiff, Gregory Chapman formerly worked for Hy Vee for approximately 24 years, during which time he worked at 10 different stores in a variety of jobs. From January 2000 through January 26, 2009, plaintiff worked as a Store Director at a store location in Maryville, Missouri. On January 26, 2009, plaintiff was transferred to a store location in St. Joseph, Missouri with the job title of General Merchandise Clerk and his duties included running cash registers, stocking shelves, sweeping, cleaning, selling merchandise, counting inventory, rotating stock, and assisting customers; he was scheduled to work 40 hours a week. In March of 2009, plaintiff's job title was changed to Assistant Manager of General Merchandise, and he was scheduled to work 45 hours a week. Hy Vee classified the position of Assist. Mgr.-General Merchandise as salaried exempt even though the duties included running cash registers, stocking shelves, sweeping, cleaning, selling merchandise, counting inventory, and assisting customers. Plaintiff did not supervise employees, and was not involved in the hiring or disciplining of employees, and he did not recommend or approve salary adjustments. Plaintiff worked at Hy Vee in ten different stores, and based on his knowledge of the job duties of Asst. Mgrs. and his experience as a Store Director for nine years, his stated belief is that Asst. Mgrs. at Hy Vee stores held the same general job duties.

Discussion

A.   Standard

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a workweek in excess of 40 hours unless the employee is compensated for his overtime with

additional pay of at least one and one half times his regular hourly wage. Putnam v. Galaxy 1 Marketing, Inc., 276 F.R.D. 264, 268-69 (S.D.Iowa 2011); citing, 29 U.S.C. § 207. The FLSA authorizes "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime and record-keeping provisions. Id, at 269.

"Similarly situated" is not expressly defined in the FLSA and the Eighth Circuit has not yet addressed the issue of "similarly situated." Id; citing, Distelhorst v. Day & Zimmerman, 58 F.Supp. 334, 335 (S.D.Iowa 1944) (courts should not be governed by how much or what degree of similarity there may or may not be but permit such procedure if there is any similarity). However, courts within the Eighth Circuit have applied the "two step" approach, noting that a § 216(b) collective action differs from class actions brought under Fed.R.Civ.P. 23; in that a similarly situated employee in cases brought under the former statute must "opt-in" to the collective action to be bound by it, whereas under the latter rule a similarly situated employee must "opt-out" to avoid being bound by the judgment. Id, at n. 5.

A two-tiered analysis distinguishes between conditional class certification, generally made at the notice stage, and a final class certification determination made after discovery is largely completed. Id. Because the initial stage of conditional certification is based on little or no discovery, the burden on plaintiffs is not a stringent one; thus, conditional certification of a representative class is generally granted. Id (internal citations omitted). At this stage, plaintiffs need merely provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist. Id.

Many of the Missouri District Courts who utilize the "two-step" approach to analyze whether the claims of potentially opt-in plaintiffs are similarly situated to those of the named plaintiffs apply the relatively lenient first step standard before discovery has commenced. McClean v. Health

Systems, Inc., 2011 WL 6153091 *3 (W.D.Mo.); citing, Loyd v. Ace Logistics, LLC, 2008 WL 5211022 (W.D.Mo.). These courts rely primarily on the plaintiff's complaint and sometimes on accompanying affidavits; however, some courts in the Western District of Missouri and other District Courts in the Eighth Circuit apply the lenient first step standard even after discovery has commenced. Id., see, e.g., Carden v. Scholastic Book Clubs, Inc., 2011 WL 2680769 *2 (W.D.Mo.) (applying the lenient standard after the parties had taken depositions and exchanged documents, explaining discovery was not yet complete); Polzin v. Schreiber Foods, Inc., 3:10-CV-01117-GAF, slip op. at 6 (Doc. 92) (W.D.Mo. 2011) (applying lenient standard where the parties had presented for depositions and exchanged documents); see also. Mahmood v. Grantham Univ. Inc., 2011 WL 1899783 *2 (W.D.Mo.).[1] A review of the discovery taken thus far at bar reveals that only a few depositions have been taken and a limited amount of documents exchanged; therefore, the lenient standard will be employed.

B.  Similarly Situated

Plaintiff contends that Hy Vee fails to pay overtime compensation to salaried employees that

---

[1] Although Judge Kays applied the lenient standard in Mahmood v. Grantham Univ. Inc., 2011 WL 1899783 (W.D.Mo.) where discovery had begun, he subsequently adopted a standard, i.e. "Intermediate standard" similar to that used by the court in Creely v. HCR ManorCare, Inc., 2011 WL 2259132, at *7-8 (N.D.Ohio) and applied it in the McClean case. McClean, 2011 WL 6153091, at * 4. Essentially, the intermediate standard as applied by Judge Kays in McClean, requires a showing beyond substantial allegations that the putative class members were together the victims of a single decision, policy, or plan, but rather, is some measurable standard to determine whether the factual record assembled through discovery is a sufficient showing beyond the original allegations that would tend to make it more likely that a class of similarly situated employees exists. Id. Nevertheless, Judge Kays found that the plaintiffs made a sufficient showing of a common policy or plan in order to sustain their burden for conditional certification. Id, at *5.

were misclassified as exempt employees. According to plaintiff, this policy was developed in 2002 or 2003, by then CEO Ron Pearson, who suggested changing Asst. Mgrs. from hourly to a salaried classification. (Supporting Suggestions: Exh. 2; see also, Reply Brief: Exh. 2, Redacted Manager Meeting Minutes, Mar. 31, 2004). In support of this claim, plaintiff has submitted excerpts from his deposition as well as that of store director, Brad McAnally, both of whom worked in various Hy Vee stores as Assistant Managers, and state that Hy Vee had a company policy of classifying assistant employees as salaried and exempt from overtime compensation, even though a great deal of their duties encompassed non-managerial tasks. (Reply Brief: Exh. 1).

Hy Vee opposes certification of the proposed class and contends that it does not have a company-wide policy regarding the classification of Asst. Mgrs.-Store Operations and Assistant Mgrs., instead individual Store Directors make those determinations. (Opposing Suggestions: Exh. 1, Declaration of Sheila Laing, Vice President-Human Resources). According to Hy Vee, because plaintiff cannot show that he and the proposed class members were victims of a single illegal decision, policy or plan, commonality is lacking and certification should be denied. However, notwithstanding store directors' classification of employees, Hy Vee admits that its Human Resources department provided information to store directors to "educate them on the requirements of the FLSA exemptions." (Opposing Suggestions: pg. 5). Moreover, as noted in its Policy/Procedure Manual, Hy Vee defined the salary exempt classification. (Id: Exh. A). In support of its argument that plaintiff's duties as an Assistant Manager is not similar to others similarly classified, Hy Vee submits declarations from Assistant Managers who state that their duties involved the managerial tasks of directing and supervising store employees. Contrary to Hy Vee's contention that such evidence defeats plaintiff's similarly situated argument, the issue is not whether each class member was identically injured by an illegal policy, but rather were all assistant managers subject

to the same policy. Mahmood, 2011 WL 1899783, at * 2.

Also unpersuasive is Hy Vee's reliance on the standard for commonality as determined in Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541 (2011) which reversed class certification due to failure to show a company-wide policy. That case was reviewed by the Supreme Court pursuant to class certification under Rule 23 where the plaintiffs sought certification in a Title VII action against the employer for sex discrimination. Nonetheless, the Dukes ruling has not impacted rulings within this circuit since that time in cases where the plaintiffs seek conditional certification pursuant to 216(b). In sum, plaintiff has provided sufficient evidence at this stage of the litigation that the putative class is similarly situated for FLSA purposes. Id; see also, Carden v. Scholastic Book Clubs, Inc., 2011 WL 2680769 * 3 (W.D.Mo.) (plaintiffs need not show that members of the conditionally certified class are *actually* similarly situated, that determination will be made after the close of discovery).

C. Proposed Notice

FLSA violations are subject to a two-year statute of limitations unless the violation is willful, in which case a three-year statute of limitations applies. Carden, 2011 WL 2680769, at * 4. In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action. Id. Here, plaintiff alleges that Hy Vee's violations are willful, thus the notice should be sent to all employees who worked as Assistant Managers, including Assistant Managers of General Merchandise, Perishables, and Store Operations within three years of the date of this order. While the case caption can appropriately appear in the notice, placing the court name in the heading is improper because it may be misconstrued as judicial support for the plaintiffs' litigation. Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 499 (D.Neb. 2009).

Additionally, the disclaimer shall be moved to the heading of the notice and placed directly under the case name. Id.

It has been repeatedly held, and continues to rule in this case that no mention will be made regarding any possibility that plaintiffs could be liable for defendant's costs should defendant prevail. Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1019 (E.D.Mo. 2010).

While defendants shall provide plaintiff's counsel with the names and home addresses of all employees who may be potential plaintiffs in this case, without more, defendant need not disclose the employees' personal telephone numbers at this time. Littlefield, 679 F.Supp.2d at 1018-19.[2]

Plaintiff shall be appointed as class representative and Bruce C. Jackson, Jr., Paul E. Torlina, and Ryan T. Dryer of Arnold, Newbold, Winter & Jackson, P.C. shall be appointed as class counsel. However, identification of defense counsel in the notice will not be included. Ahle v. Veracity Research Co., 2009 WL 3103852 *6 (D.Minn.).

Accordingly, it is hereby

ORDERED that plaintiff's motion for conditional certification (ECF doc. 27) is GRANTED. It is further

ORDERED that defendant's motion for leave to file a sur-reply brief (ECF doc. 39) is GRANTED. It is further

ORDERED that counsel file a joint amended notice consistent with this opinion within thirty days from the date of this order. Upon receipt and acceptance of the joint amended notice by the court, within ten days from the date of the order approving the notice and consent forms, plaintiffs'

---

[2]Contrary to plaintiff's contention, in Hembree v. Mid-Continent Transport, Inc., 2010 WL 3927764 (W.D.Mo.), the defendant did not oppose providing telephone numbers of the putative class members, only the social numbers. Here, defendant cites hardship in providing this information, and plaintiff does not provide a compelling argument for this information.

counsel shall mail these forms to the putative plaintiffs. Plaintiffs' counsel should also file a certificate of mailing when the mailing of notices is effectuate and the opt-in period has begun. The opt-in plaintiffs shall be given sixty days from the date of the mailing in which to file their consent forms to participate in the collective action.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March  29 , 2012

Kansas City, Missouri